IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MAZEN AND NINA SHAHIN,　　　　:
　　　　　　　　　　　　　　　　　　:　　C.A. No. K18C-10-023 WLW
　　　　　　Plaintiffs,　　　　　　:　　Kent County
　　　　　　　　　　　　　　　　　　:
　　v.　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
CITY OF DOVER and　　　　　　　　:
CHERYL A. BUNDEK, City of　　　　:
Dover Tax Assessor,　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　Defendants.　　　　　　:

Submitted: December 7, 2018
Decided: December 17, 2018

**ORDER**

Upon Plaintiffs' Application for Appointment of Attorney
Under Provisions of 6 *Del. C.* § 4613(b).
*Denied.*

Dr. Mazen Shahin and Nina Shahin, *pro se*, of Dover, Delaware.

William W. Pepper, Sr., Esquire of Schmittinger & Rodriguez, P.A., Dover, Delaware; attorney for Defendants.

WITHAM, R.J.

*Shahin v. City of Dover, et al.*
C.A. No. K18C-10-023WLW
December 17, 2018

## INTRODUCTION

1. This Court has Plaintiffs Mazen and Nina Shahin's ("Plaintiffs") application for Appointment of Attorney pursuant to 6 *Del. C.* § 4613(b) and the City of Dover and Cheryl A. Bundek's ("Defendants") response. The Court of Chancery previously considered the Plaintiffs' application, denied it, and thereafter transferred the matter to the Superior Court on October 16, 2018.

2. After considering the record in its entirety,[1] including the Court of Chancery's previous ruling in regard to this matter,[2] this Court DENIES the Plaintiffs' application for appointment of attorney pursuant to section 4613(b).

---

[1] The record reveals the Plaintiffs' lengthy, litigious history. After a 2010 tax assessment, the Plaintiffs appealed to the City Board of Assessment Appeals. *See* Opening Br. in Supp. of Defs' Mot. To Dismiss. Subsequently, the Plaintiffs filed an appeal in the Delaware Superior Court, where the Court affirmed the Board's decision. *See Shahin v. City of Dover Bd. of Assessment Appeals*, 2011 WL 704490 (Del. Super. Feb. 28, 2011). The Plaintiffs appealed to the Delaware Supreme Court where the Court affirmed. *See Shahin v. City of Dover Bd. of Assessment Appeals*, 31 A.3d 77 (Del. 2011). The Plaintiffs then filed a discrimination lawsuit under the Fair Housing Act against Dover in the United States District Court for Delaware, which was dismissed due to a lack of subject matter jurisdiction, and affirmed by the Third Circuit. *See Shahin v. City of Dover, Bd. of Assessment*, 2014 WL 1092385 (D. Del. Mar 14, 2014), aff'd *Shahin v. City of Dover*, 615 F.App'x 739 (3d Cir. 2015). In 2014, after Dover's tax assessment, a similar procedural history followed. *See Mazen v. City of Dover Bd. of Assessment Appeals*, 2016 WL 520996 (Del. Super. Jan. 22, 2016), aff'd sub nom. *Shahin v. City of Dover Bd. Of Assessment Appeals*, 149 A.3d 227 (Del. 2016). On February 9, 2016, the Plaintiffs filed another complaint against Dover, again alleging housing discrimination, with the federal Department of Housing and Urban Development ("HUD"). *See* App. Complaint at § 7. HUD referred the complaint to the Delaware Human Relations Commission where the Commission determined there was insufficient evidence to support a discrimination cause of action. *See* App. Complaint at § 7, Appl. at 5-12.

[2] *Shahin v. City of Dover and Cheryl A. Bundek*, 2018 WL 4635730 (Del. Ch. Sep. 26, 2018).

## FACTUAL AND PROCEDURAL HISTORY

3. The Plaintiffs filed their current complaint in the Court of Chancery *pro se*[3] on May 17, 2018, alleging the Defendants' "systematic national origin discrimination" against them in regard to the tax assessments on their residence in Dover, Delaware.[4]

4. Simultaneous to filing their complaint, the Plaintiffs also filed a petition asking the Chancery Court to "appoint an attorney to file a formal [c]omplaint on their behalf" pursuant sections 6 *Del C.* § 4613(a) and (b) of the Delaware Fair Housing Act.

5. On September 26, 2018, the Court of Chancery denied the petition and subsequently granted the Plaintiffs' motion for transfer to this Court on October 16, 2018.

## PARTIES CONTENTIONS

6. The Plaintiffs' assert their unwillingness to continue *pro se* due to "negative experience[s]" in Delaware courts as *pro se* litigants.[5] And, despite their apparent willingness to pay for legal services, the Plaintiffs claim that all efforts over the

---

[3] Previous litigation by the Plaintiffs relating to their current complaint has been filed *pro se*.

[4] Pl. Complaint at ¶ 2. Mr. Shahin is of Egyptian origin while Mrs. Shahin is Ukrainian.

[5] Pl. Appl. at 1-2. *Shahin v. United Parcel Service, Inc.*, 2018 WL 2187842 (this Court affirmed a Court of Common Pleas summary judgment ruling in favor of United Parcel Service Inc.).

period of time covering 2017 - 2018 to retain legal counsel, are exhausted.[6]

7. The Defendants counter that the Plaintiffs have no absolute right to the appointment of legal counsel by the Court in civil cases, especially in light of the fact that the Plaintiffs are not indigent.[7] In support, the Defendants cite, *Hicks v. Makaha Valley Plantation Homeowners Ass'n*,[8] a Federal District case out of Hawaii, as persuasive guidance for the Court to consider in the present matter.

## LEGAL STANDARD OF REVIEW

8. Pursuant to 6 *Del. C.* § 4613(b), "[u]pon application by a person alleging ... a discriminatory housing practice," the court "*may* [a]ppoint an attorney for such person."[9] Section 4613(b)(1) however does not *require* the court to appoint counsel.

9. It is settled law in Delaware, and throughout the United States, that there is no constitutional right to appointment of counsel in a civil case, even in those cases

---

[6] Pl. Appl. at 1. The Plaintiffs claim to have used "all types of services," including the Delaware Bar reference service, the State of Delaware Employee reference service, and an additional referral service specifically referring clients seeking enforcement of the Fair Housing law. However, their petition is silent as to the number of times each service was utilized in an attempt to retain legal counsel.

[7] Indigence is defined by Black's Legal Dictionary as the "state or condition of a person who lacks the means of subsidence; extreme hardship or neediness."

[8] 2015 WL 1608454, at *3 (D. Haw. Apr. 9, 2015) (the *Hicks* court, citing the 1964 Civil Rights Act, stated three factors that were relevant to the district court's exercise of discretion when appointing an attorney: 1) the plaintiff's financial resources; 2) the efforts made by the plaintiff to secure counsel; and 3) whether the plaintiff's claim has merit). However, the Court elects to follow the guidance of the 3rd Circuit and Federal District Court for Delaware, that provides similar and additional factors for the Court to consider.

[9] 6 *Del. C.* § 4613(b)(1) (emphasis added).

where the petitioning party is deemed to be indigent.[10]

## DISCUSSION

10. In this case, both parties agree that the Plaintiffs are able and willing to pay for their own legal services.[11] Thus, by definition, the Plaintiffs are not indigent.

11. The Plaintiffs further cite no case or statute that would suggest that they are constitutionally and/or statutorily entitled to the appointment of counsel in the present civil matter. After a diligent search, the Court was also unable to find any case law that addresses the particular circumstances where appointment of counsel under section 4613 is warranted, especially under the current facts when there is acknowledgment by the petitioning party of their ability to afford counsel.[12]

12. In light of the lack of case law on point, the Court must turn to case law regarding the appointment of counsel for indigent parties in civil matters as comparison. The Court of Chancery has provided a road map that the Court chooses to follow.

13. In regard to indigent party applications made under similar statutes or circumstances, the Federal District Court of Delaware and Delaware state courts have

---

[10] *Shahin v. City of Dover*, 2018 WL 4635730, at *2 citing *Lassiter v. Dep't of Soc. Servs. of Durham Cty., N. C.*, 452 U.S. 18, 26–27 (1981); *Jenkins v. Dover Police Comm'r*, 2002 WL 663912, at *1 (Del. Super. Apr. 5, 2002) ("Neither the United States Constitution nor the Delaware Constitution entitles a civil litigant to counsel as a matter of right.").

[11] The Court finds no reason to doubt the Plantiffs' claims that they are able to pay for legal services. Mr. Shahin is employed as a professor at Delaware State University and Mrs. Shahin is a Certified Public Accountant.

[12] Pl. Appl. at 1.

*Shahin v. City of Dover, et al.*
C.A. No. K18C-10-023WLW
December 17, 2018

considered factors in determining whether to appoint counsel to prosecute a "claim [that] has arguable merit in fact and law."[13] These factors include:

(1) the Plaintiff's ability to present his or her own case;

(2) the difficulty of the particular legal issues;

(3) the degree to which factual investigation will be necessary and the ability to pursue that investigation;

(4) the Plaintiff's capacity to retain counsel on his own behalf;

(5) the extent to which a case is likely to turn on credibility determinations; and

(6) whether the case will require testimony from expert witnesses.[14]

14. Assuming arguendo that the above factors did apply to non-indigent petitioners, the Court would nevertheless still deny the Plaintiffs' application.

15. First, as the record clearly demonstrates, the Plaintiffs have, over a period of several years, made numerous court filings and consistently presented their claims

---

[13] *Shahin*, 2018 WL 4635730, at *2 quoting *Aranga v. Krapf*, 2018 WL 1377103, at *3 (D. Del. Mar. 19, 2018) (denying counsel appointment in employment discrimination claim under the American with Disabilities Act, 42 U.S.C. §§ 12101, et. seq.). *See also Scott v. Nemours/Alfred I. DuPont Hosp. for Children*, 2017 WL 1843891, at *3 (D. Del. May 8, 2017) (denying counsel appointment for employment discrimination claim). Cf. *House v. Hous. & Urban Dev.*, 2006 WL 3779762, at *8-9 (D. N.J. Dec. 20, 2006) (denying plaintiff's "informal request" to appoint counsel in an housing discrimination claim).

[14] *Shahin*, 2018 WL 4635730, at *2 citing *Aranga*, 2018 WL 1377103, at *2. *See also Wood v. Collison*, 2014 WL 4653153, at *1 (Del. Super. Sep. 18, 2014) (citing *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 155-157 (3d Cir. 1993).

6

*pro se.*[15] There is nothing in the record to suggest that anything would prohibit their ability to do so again in the present litigation.

16. Second, the Plaintiffs' claims, on their face, do not readily appear to be legally or factually complex, requiring the necessary aid of legal counsel, especially since it appears that the Plaintiffs' present claims are similar to claims filed in the past.[16]

17. Third, the record does not appear to demonstrate any significant barriers or an inability of the Plaintiffs to conduct a factual investigation in an attempt to find evidence to support their claims. If anything, the record demonstrates that the Plaintiffs have been consistently able to conduct their own investigation to find data that they believe supports their claims.

18. Fourth, the Plaintiffs have not, to date, demonstrated the need for expert discovery; and additionally, it does not appear to the Court that their current claim is likely to be determined or be turned based on credibility determinations.

19. And finally, the Plaintiffs do not lack the capacity to seek counsel, which is evidenced by their *exhaustive efforts* to obtain one over a prolonged period of time.

## CONCLUSION

20. In sum, the Court finds no grounds to appoint counsel to the Plaintiffs who

---

[15] *Id. at *3. See also Evans v. Cook*, 2008 WL 4296560, at *2 (D. Del. Sept. 19, 2008) (plaintiff had "demonstrated an ability to present his own case, as demonstrated by" his "number of pro se filings...against Defendant clearly and articulately.") (citing *Tabron*, 6 F.3d at 156).

[16] The Court notes, but declines to determine at present, that there may be a *res judicata* issue present with the latest claim by the Plaintiffs.

7

*Shahin v. City of Dover, et al.*
C.A. No. K18C-10-023WLW
December 17, 2018

are *experienced and savvy pro se civil litigants*. Therefore, for the foregoing reasons, the Plaintiffs' petition for Appointment of Attorney is **DENIED**.

    **IT IS SO ORDERED**.

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh

8